Filed 6/14/23  P. v. Fitzgerald CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>  Plaintiff and Respondent,<br><br>  v.<br><br>GEORGE EDWARD FITZGERALD III,<br><br>  Defendant and Appellant. | G061078<br><br>(Super. Ct. No. 98NF3130)<br><br>O P I N I O N |

Appeal from a postconviction order of the Superior Court of Orange County, Kimberly Menninger, Judge.  Reversed and remanded.

William Paul Melcher, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Charles C. Ragland, Assistant Attorney General, Collette C. Cavalier, Lynne G.

McGinnis and Kathryn Kirschbaum, Deputy Attorneys General, for Plaintiff and Respondent.

*          *          *

George Edward Fitzgerald III appeals from the trial court's summary denial of his petition for resentencing under Penal Code[1] section 1170.95, now renumbered as section 1172.6. (Stats. 2022, ch. 58, § 10.) As the Attorney General concedes, the Supreme Court's decision in *People v. Strong* (2022) 13 Cal.5th 698 (*Strong*) requires reversal and remand for the trial court to issue an order to show cause (OSC) on Fitzgerald's resentencing petition and to conduct a further hearing. At the hearing, the court must determine under current law following enactment of Senate Bill No. 1437 (2017-2018 Reg. Sess.) and related legislation, whether Fitzgerald was a "major participant" in the robbery in which his codefendant killed a convenience store clerk. (§ 189, subd. (e)(3); § 1172.6, subd. (d); see Stats. 2018, ch. 1015, § 3, amending § 189 to specify new felony murder requirements.) If so, the court must also determine whether Fitzgerald acted with "reckless indifference to human life" before the clerk's death. (§ 189, subd. (e)(3).) In making these determinations, the trial court shall employ the Supreme Court's multi-factor analyses set forth in *People v. Banks* (2015) 61 Cal.4th 788 (*Banks*) and in *People v. Clark* (2016) 63 Cal.4th 522 (*Clark*) on the respective questions.

Thus, we reverse the trial court's order and remand the matter to allow the court to issue the requisite OSC and hold a hearing on the resentencing petition. (§ 1172.6, subds. (c), (d).) Both defense and the prosecution may elect to present "new or additional evidence" at the hearing, and the prosecution bears the burden of proof under the beyond a reasonable doubt standard to prove Fitzgerald is guilty of murder under the current law. (*Id.*, subd. (d)(3); § 189, subd. (e).)

---

[1] All further undesignated statutory references are to the Penal Code.

## FACTUAL AND PROCEDURAL BACKGROUND

We limit our discussion of the factual background because at the hearing on remand it will fall to the trial court, as the trier of fact, to "review all the relevant evidence, evaluate and resolve contradictions, and make determinations as to credibility, all under the reasonable doubt standard . . . ." (*People v. Clements* (2022) 75 Cal.App.5th 276, 298.)

Suffice it to say that in a trial separate from his codefendant, Ciron Springfield, in June 2000 a jury found Fitzgerald guilty of the murder of James Soo Jun during a failed attempt to rob a convenience store. Fitzgerald was 18 years old at the time of the offense. As relevant here, the jury found true a felony murder special circumstance allegation (§ 190.2, subd. (a)(17)), albeit under standards predating *Banks* and *Clark*. (See *People v. Fitzgerald* (Mar. 19, 2003, G027799) [nonpub. opn.] (*Fitzgerald I*).) The finding required a statutory sentence of life imprisonment without parole (*ibid.*), but based on factors including Fitzgerald's age in comparison to his codefendant's age and their relative culpability, as well as Fitzgerald's personal characteristics and his state of mind at the time of the crime, the trial court reduced Fitzgerald's sentence on the murder count to 25 years to life pursuant to *People v. Dillon* (1983) 34 Cal.3d 441 (*Dillon*). This court upheld Fitzgerald's conviction and sentence on appeal. (*Fitzgerald I*, *supra*, G027799.)

In December 2019, Fitzgerald filed a section 1172.6 petition in which he attested he could not be convicted of murder under current law because he was not the actual killer, he did not harbor an intent to kill while aiding and abetting or assisting the killer in any way, nor was he a major participant in the underlying attempted robbery, nor did he act with reckless indifference to human life in committing the crime. (*People v. Fitzgerald* (Jan. 27, 2021, G058833) [nonpub. opn.].) The trial court summarily denied the petition, finding Fitzgerald did not make a prima facie showing he might be entitled to resentencing. Fitzgerald appealed the order; we reversed and remanded with directions

3

for the trial court to "ascertain the scope and effect of the original trial court's *Dillon* ruling and sentencing choice," including determining whether the original court's decision "indicate[s] Fitzgerald did not act with the requisite indifference to life or as a major participant in the crime." (*Ibid.*)

On remand, the trial court again denied Fitzgerald's petition without issuing an OSC or ordering an evidentiary hearing, based on its assessment that the original trial court did not intend in making its *Dillon* findings to vitiate the jury's felony murder special circumstance findings that Fitzgerald was a major participant in the attempted robbery and acted with reckless indifference to human life, "'aware that (his) acts involve[d] a grave risk of death to an innocent human being.'" Fitzgerald then filed this appeal.

## DISCUSSION

While the appeal was pending, the Supreme Court decided *Strong*. In *Strong*, the high court held that a jury's true finding on a robbery-murder special circumstance that predates *Banks* and *Clark* does not render a section 1172.6 petitioner ineligible for relief as a matter of law because the finding was made "under outdated legal standards." (*Strong*, *supra*, 13 Cal.5th at p. 720.) Thus, as applicable here, special circumstance "[f]indings issued by a jury before *Banks* and *Clark* do not preclude a defendant from making out a prima facie case" under section 1172.6. (*Strong*, at p. 710.) With no evidence in the record that undermines Fitzgerald's prima facie claims as a matter of law, he is entitled to the hearing on his resentencing petition provided for in section 1172.6, subdivision (d).

*Strong* also held that a trial or appellate court's postconviction determination that substantial evidence supports the special circumstance finding under the guidance established in *Banks* and *Clark* does not render the petitioner ineligible as a matter of law because that determination "would not involve a determination beyond a

4

reasonable doubt that [the current legal standards] were met." (*Strong*, *supra*, 13 Cal.5th at p. 720.) Because the trial court must now, under *Strong*, make its own reasonable doubt inquiry as the trier of fact, the original trial court's *Dillon* finding becomes moot.

At the hearing on remand, Fitzgerald may argue the effect of evidence already in the record bearing on *Dillon* factors, including his relative youth, and/or present new or additional evidence (§ 1172.6, subd. (d)) bearing on those factors to the extent they are relevant to the trial court's *Banks* and *Clark* analyses. (Cf., e.g., *People v. Oliver* (2023) 90 Cal.App.5th 466, 486 [collecting recent cases finding relevance in "a defendant's youth when conducting an analysis of major-participant and reckless-indifference findings," even for defendants over the age of majority].)

## DISPOSITION

The trial court's order denying Fitzgerald's resentencing petition is reversed. The matter is remanded, and the trial court is directed to issue an OSC as to why relief should not be granted on the petition, and to set and conduct a hearing on the resentencing petition in accordance with section 1172.6, subdivision (d).

GOETHALS, J.

WE CONCUR:

O'LEARY, P. J.

SANCHEZ, J.

5